CLARISSA HYATT ET AL. V. S. A. VENTERS, ADM'R, ET AL.

PARTITION OF ESTATES OF DECEASED PERSONS.—Plaintiffs brought suit for a partition, claiming in right of their mother, who died in 1862, against the administrator of their father, who died in 1867, and his widow and child by a second marriage: *Held*, that to entitle plaintiffs to a partition as against the survivor of the community estate, it was incumbent to allege facts showing that a general distribution of the estate was ready to be made, and that after such partition sufficient assets were left to satisfy the community debts.

ERROR from Denton. Tried below before the Hon. C. C. Binkley.

*J. A. Carroll*, for plaintiffs in error.

*D. E. Thomas* and *Welch & Piner*, for defendants in error.

GOULD, ASSOCIATE JUSTICE.—The plaintiffs in error sued the administrator and other heirs of their father, Stephen Hyatt, deceased, claiming partition of certain lands, the community property of their deceased mother and said Stephen. Their mother, Jane Hyatt, died in 1862, and their father, Stephen, in 1867, the latter leaving a wife and child of a second marriage, who were made defendants in the original suit, but who are not named in the judgment below nor in the proceedings in error.

There was an answer on behalf of all the defendants, alleging that various community debts had been duly probated as claims against the estate of Stephen Hyatt; that both the community estate and the separate estate of said

Stephen were insolvent, and alleging various other matters not material now to be noticed.

To this answer the plaintiffs replied in an amended petition, in which, although it is alleged in general terms that at the death of their mother the community estate was free from debt, it sufficiently appears that the community estate is being administered by defendant, Venters, and that there are unsettled claims against said estate which may yet be established. Indeed, we think it is a legitimate inference from the averment, "that the amount of the claims mentioned in defendants' answer has never been established as legal claims against the estate of said Jane Hyatt," that a part of the claims mentioned in the answer had been so established.

We think the court rightly held the averments of the petition as amended insufficient. To entitle the plaintiffs to partition, as against the administrator of the survivor of the community, having charge as such of the community estate, it was incumbent on plaintiffs to allege facts showing that a general distribution of the estate was ready to be made, and that after making the partition sought for, a sufficient amount of community assets would remain in the hands of the administrator to meet all community debts. (Pas. Dig., arts. 5611, 5752.)

It is true that this proceeding does not appear to have been intended to be on the probate side of the court, but seems to have proceeded as in cases of ordinary partition, without reference to the law regulating administration. That law, however, we think controls the right of the plaintiffs to claim the partition sought, and, tested by that law, we think the exceptions to the original and amended petition were properly sustained.

The judgment is affirmed.

AFFIRMED.